IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| NICHOLAS LEON RUSK,<br>　　　Petitioner,<br><br>v.<br><br>JUDGE ASBURY, CHRIS DOSCOTCH,<br>　　　Respondents. | Case No. 1:26-cv-1039-JEH |

**Order**

Before the Court is Petitioner Nicholas Leon Rusk's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7), Application for Leave to Proceed in forma pauperis (Doc. 1), and Motion for Appointment of Counsel (Doc. 3). The Court finds that Petitioner, at a minimum, does not have access to funds or the capacity to pay a filing fee at this time and GRANTS his Application for Leave to Proceed in forma pauperis (Doc. 1). For the reasons below, the Court SUMMARILY DISMISSES Petitioner's Petition, DENIES his Motion for Counsel, and DECLINES to issue a certificate of appealability.

I

Petitioner signed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) on January 9, 2026. He mailed it to the District Court for the District of Oregon, where it was entered on January 20, 2026. He also filed a Application to Proceed in forma pauperis (Doc. 1) and a Motion for Appointment of Counsel (Doc. 3). His Petition vaguely indicates problems with filing appeals and with his public defender. He primarily asserts some connections between

certain zip codes and other numbers in his life, of which the perceived significance is not given.

At the time of filing, Petitioner was a pretrial detainee at the Tazewell County Jail in Pekin, Illinois, facing felony charges in the Circuit Court for Tazewell County, Illinois, in case 2025-CF-184. The Court takes judicial notice of the available online docket information in Petitioner's state court case. On January 22, 2026, he pled guilty to stalking/causing fear for safety. He was sentenced to 180 days in jail with credit for 90 days of time served. That same day, he was released on intensive probation. The state court docket also shows that Petitioner's fitness for trial was at issue during the pretrial period. Neither the IDOC nor the Tazewell County Jail indicate that he is currently in their custody.

On January 26, 2026, The District Court of Oregon, finding it lacked jurisdiction over the case, transferred the case, to the District Court for the Central District of Illinois. (Doc. 6).

## II

The Court must review Petitioner's § 2254 Petition under Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, and dismiss the case if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." After reviewing Petitioner's Petition, the Court finds his claims are unintelligible and unexhausted.

While Petitioner vaguely mentions issues with filing appeals and with his public defender not filing an appeal, it is clear his Petition—signed January 9, 2026 and filed January 20, 2026—was filed prior to his January 22, 2026 guilty plea and sentence. Accordingly, it is unclear what appeal he could have been filing. Petitioner's Petition is largely filled with references to zip codes and other incomprehensible arguments, none of which state an intelligible claim for habeas relief.

Moreover, Petitioner, having filed his Petition just prior to his conviction being final, has not exhausted his claims with the state courts as required prior to bringing a § 2254 Petition. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If Petitioner has a claim he wishes to bring challenging his conviction or sentence, he must first proceed through his state court appeals.

The Court notes that Petitioner also did not name a proper respondent. A Petition must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, which "is the person having a day-to-day control over the prisoner." *Robledo-Gonzales v. Ashcroft,* 342 F.3d 667, 673 (7th Cir. 2003); *see also, Rumsfeld v. Padilla*, 542 U.S. 426, 435, 442 (2004); *Wyatt v. United States*, 574 F.3d 455, 459–60 (7th Cir. 2009). Here, Petitioner has named two state judges, neither of which would be responsible for any day-to-day control over Petitioner. It appears Petitioner has also now been released from the Tazewell County Jail and he has not filed a notice of change of address. Accordingly, the Court cannot discern who the proper respondent would be.

Petitioner has also filed a Motion for Counsel (Doc. 3). A district court has discretion to appoint counsel to any financially eligible person seeking relief under 28 U.S.C. § 2241, 2254, or 2255, if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). When confronted with a motion to appoint counsel, the Court should ask whether the Petitioner has made efforts to obtain counsel and whether the Petitioner appears competent to litigate the case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Petitioner has made no effort to obtain counsel. And while Petitioner's competency is not clear, because no discernable cognizable habeas

3

claim appears in his Petition, the Court finds it would not be in the interests of justice to appoint counsel. His motion is therefore denied.

### III

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree with the Court's finding that Petitioner's claims are intelligible and unexhausted. Accordingly, the Court declines to issue a certificate of appealability.

### IV

For the reasons above, the Court SUMMARILY DISMISSES Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7). Petitioner's Application to Proceed in forma pauperis (Doc. 1) is GRANTED and his Motion for Appointment of Counsel (Doc. 3) is DENIED. The Court DECLINES to issue a certificate of appealability.

The Clerk is DIRECTED to issue judgment in favor of the respondent. This case is CLOSED.

*It is so ordered.*

Entered on February 26, 2026.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE